8324

### IRBY v. SOUTHERN RY.

1. PLEADINGS—EVIDENCE—RAILROADS.—In an action against a railroad company for injury at a crossing, it is proper to admit evidence as to the number of tracks and the blocking of cars at the point of the accident without allegations as to negligence in these particulars.

2. EVIDENCE—CITY ORDINANCES—IBID.—In such action, there being no allegations charging violation of city ordinances or of speed, it is error to admit in evidence city ordinances as to speed of trains.

3. CHARGE—RAILROADS—LEVER CARS—LOOKING AND LISTENING.—To charge that there is no rule of law which relieves a person from looking out for trains and lever cars when he goes upon or to cross railroad tracks and that a railroad company is not bound to slacken the speed of a lever car upon seeing one on the tracks unless the circumstances indicate that such person does not or cannot see or hear such lever car, is on the facts.

MR. CHIEF JUSTICE GARY *dissents.*

Before WILSON, J., Richland, November term, 1911. Reversed.

Action by Amanda Irby against Southern Railway Company and W. M. Davis. Defendants appeal.

*Mr. E. M. Thompson,* for appellants, cites: *As to admission of city ordinances:* 62 S. C. 327; 72 S. C. 3; 47 S. C. 28. *One on track is presumed to get out of way of lever car:* 70 S. C. 194.

*Messrs. W. Boyd Evans* and *Hunter A. Gibbes,* contra.

September 26, 1912. The opinion of the Court was delivered by

MR. JUSTICE FRASER. This was an action for damages brought by the plaintiff-respondent against the defendants-appellants for personal injuries received by the plaintiff at a public street crossing in the city of Columbia. It seems

that at the place of the injury several railroad tracks cross the street quite near each other. Some of these tracks belong to the Columbia, Newberry and Laurens Railroad and some to the defendant company. When the plaintiff arrived, she found the street blocked by a passing train on the Columbia, Newberry and Laurens road and having crossed the track of the defendant company, she waited for the passing train to go by. While standing between the tracks she saw some acquaintances on the train and waived to them. Her attention was engrossed with her greetings, and as she waived she went backwards upon the track of the defendant company and did not see a lever car that was approaching the crossing on the track of the defendant company in charge of its codefendant, Davis. The defendant Davis, and those on the lever car with him, saw the plaintiff while the lever car was some distance away, and saw her backing towards the track before she was struck. Those on the lever car called out to the plaintiff, but she did not hear or heed the warning. One of the employees on the lever car pushed her away from in front of the car, but in some way she was struck by the side of the car or the back wheel caught her clothing and she was thrown down and injured.

Judgment was rendered for the plaintiff for two hundred dollars and the defendants appealed upon the following exceptions:

1. "Because the Court erred in permitting the witness, James Rutherford, to testify as follows: 'How wide was the opening here? About twenty feet. And blocked up on both sides? Yes, sir. It was blocked up that afternoon? Yes, sir. What about the cars? The Shand lumber yards run here, is a line fence running along here, passed that line fence in the corner here, one box car a few links over into the street. How much opening was here? About twenty feet. Twenty feet wide? Yes, sir; twenty feet wide.'

"The error being that there was no allegation in the complaint charging the defendants, or either of them, with blocking the crossings in question, nor with negligence, recklessness or wilfulness in so blocking the street, and the testimony, therefore, referred to no issue involved and was irrelevant and incompetent.

2. "Because the Court erred in allowing this witness and other witnesses to testify as to the crossing in question being blocked by cars placed by the defendants when there was no allegation in the complaint charging negligence in this regard and no such issue was made by the pleadings. Hence the testimony was irrelevant and incompetent."

These exceptions cannot be sustained. The jury were entitled to know the surroundings in order to ascertain whether a given rate of speed was negligence or not. One may with due care travel at a rate in an open country where the view is unobstructed, and yet if he should pass an obstruction or go round a curve in the road at the same speed, he might endanger himself and others and be guilty of negligence.

3. "Because the Court erred in admitting in evidence sections 516 and 518 of the ordinances of the city of Columbia with respect to blocking street crossings, as follows:

"'Section 516. It shall be unlawful for any railroad train, engine, car, or part of a railroad train, to be stopped at the crossing of any street in the city of Columbia, or to be permitted to remain stopped at any crossing of any street of the city, under a penalty of not less than ten dollars nor more than forty dollars for each and every offense, to be recovered before the recorder, evidence being given that this section is violated: *Provided,* A summons is served on the agent, president, secretary or treasurer of said company so violating.'

"'Section 518. It shall be unlawful for any railroad train, engine, or any portion of a railroad train, to pass any

street crossing in the city at a rate of speed greater than four miles an hour, and before and during the passage of such crossing they shall ring the engine bell as notice to those approaching the crossing that a train is approaching. On failing to comply with the conditions of this section, the railroad company so offending shall be fined not less than ten dollars nor more than fifty dollars for each and every offense, on conviction before the recorder: *Provided,* That a summons is served on any of the officers of said company, as provided in section 516.'

"The errors being:

(a) "That the said ordinances had no application whatever to the case at bar, since it was concerned with a lever or hand car and not a railroad train or any part thereof.

(b) "Because there was no allegation in the complaint charging the company with negligence in blocking the crossing in question, and hence there was no issue to which the ordinance as to blocking the streets was applicable, and hence as testimony they were irrelevant and incompetent.

(c) "Because such ordinances were not proved, as provided by law, neither the original being offered in evidence, nor was the copy thereof certified under the hand of the officer having custody of the records of the city of Columbia and under its corporate seal offered on ten days' notice given defendants or their attorney."

This exception is sustained. His Honor, the presiding Judge, seems to have allowed the introduction of the city ordinance under the impression that the complaint alleged a violation of the city ordinance. He so stated both in his ruling and in his charge to the jury. We do not find such allegation in the complaint as printed in the case and we are bound by the case. Besides both ordinances were read in the hearing of the jury. The case does not show that copies were offered, and we can make no finding on the production of copies.

4. "Because the Court erred in failing to charge defendants' fourth request, as follows: 'There is no rule of law which relieves a person from looking out for trains and lever cars when he goes upon or to cross railroad tracks. I charge you that a railroad company is not bound to slacken speed of a lever car upon seeing one on or near its track unless the circumstances indicate that such person does not or cannot see or hear such lever car.' The error being that the request stated a sound proposition of law applicable to the issues involved in the case, and defendants were entitled to have it charged in its entirety."

Exception four cannot be sustained. This would have been a charge on the facts. This exception is overruled.

5. "Because the Court erred in refusing to charge defendants' fifth request to charge, as follows: 'If the section foreman or persons in charge of said lever car saw plaintiff upon or near the railroad track, and she appeared to be in possession of her senses, such person or persons had a right to assume that plaintiff would get out of the way of the approaching lever car in time to prevent injury.' The error being that the request stated a sound proposition of law applicable to the issues involved in the case and defendants were entitled to have the same charged.

6. "Because the Court erred in refusing to charge, upon defendants' request, that there was no evidence in the case which would warrant a verdict for punitive damages; the error being that there was absolutely no testimony tending to show reckless, wanton or wilful acts on the part of defendants or its or their employees, and hence, no ground on which a verdict for punitive damages could be based."

These exceptions must be overruled. It would not be proper to discuss these exceptions, as the case must go back for a new trial.

The judgment of this Court is that the judgment appealed from is reversed for the reasons above set forth and remanded for a new trial.

MESSRS. JUSTICES WOODS *and* WATTS *concur.*

MR. JUSTICE HYDRICK *concurs in the result.*

MR. CHIEF JUSTICE GARY *dissents.*